Case 5:21-cv-00117   Document 5   Filed on 12/06/21 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
December 06, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| SIDNEY WILSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:21-CV-117 |
| | § | |
| HOUSTON-NASA (RUSSIAN SCIENTIST) JOHN DOE, POLICE AFFILIATES, *et al.*, | § § § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Before the Court is *pro se* Plaintiff Sidney Wilson's complaint, (Dkt. No. 1), and Application to Proceed in District Court without Prepaying Fees or Costs ("*in forma pauperis*" or "IFP"). (Dkt. No. 2). Pursuant to U.S.C. § 636(b)(3), the undersigned Magistrate Judge submits the following Report and Recommendation.

Based on Plaintiff's complaint and the applicable law, this Court **RECOMMENDS** that the District Court **DISMISS** Plaintiff's complaint, (Dkt. No. 1), as frivolous. This Court further **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed *in forma pauperis*, (Dkt. No. 2), as **MOOT**.

## I.   BACKGROUND

On September 17, 2021, Plaintiff Sidney Wilson filed a *pro se* complaint alleging violations of his constitutional rights.[1] (Dkt. No. 1 at 2–6). It is unclear who exactly Plaintiff is suing. Plaintiff appears to sue an unknown Russian scientist who is allegedly employed at the National Aeronautics and Space Administration's ("NASA") Johnson Space Center located in Houston, Texas. (*See id.* at 2). Plaintiff also appears to be suing unknown members of "the police" who allegedly acted in concert with this unknown

---

[1] The Court notes that this is not Plaintiff Wilson's first frivolous lawsuit in this district. In 2014, Plaintiff filed a similar complaint and motion to proceed *in forma pauperis*. *Wilson v. Nat'l Sec. Agency, et al.*, 5:14-CV-194 (S.D. Tex. filed Dec. 9, 2014) (Kazen, J.). In that complaint, Plaintiff alleged that the National Security Agency and Webb County Sheriff's Office were, *inter alia*, monitoring Plaintiff's "mental and physical activities." *Id.* at 1. The District Court dismissed Plaintiff's complaint as frivolous. *Id.* at 2–3.

NASA scientist. (*Id.* at 1–2, 6).

Plaintiff alleges that these unknown Defendants have violated: (1) his First, Fourth, and Fourteenth Amendment rights, (2) 18 U.S.C. §§ 241 and 242, and (3) several, unspecified "parallel states [*sic*] [c]onstitutional laws, and statutory laws." (*Id.* at 2–5). As the basis for his suit, Plaintiff makes several, candidly, strange allegations. Plaintiff complains that Defendants have caused him distress by "plac[ing] and exhibit[ing] [his] life on the Internet" and generally "being presen[t]" in his life. (*See id.* at 2, 6–11, 13–14). He also complains that he is being followed or harassed by unknown members of law enforcement and the public. (*See id.* at 5–8, 14). Plaintiff also seems to claim that the Defendants are using unspecified forms of technology to cause him to hear voices, "spiritual beings," and "ringing sound[s]" in his head. (*See id.* at 4–6, 10–13). Finally, Plaintiff, as a Hebrew minister, alleges that the Defendants have "discouraged" members of the public from accepting his teachings. (*See id.* at 3–4, 6, 8–9, 14).

## II.   LEGAL STANDARD

In federal court, a plaintiff may proceed *in forma pauperis* pursuant to section 1915. 28 U.S.C. § 1915(a)(1). However, the Court must first screen the IFP plaintiff's complaint. *See, e.g.*, 28 U.S.C. § 1915(e)(2); *Bower v. Executive Surf CLUB*, Civ. No. 2:15-CV-524, 2016 WL 393734, at *1 (S.D. Tex. Feb. 2, 2016). Section 1915(e)(2)(B) applies to both prisoner and non-prisoner plaintiffs. *See James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) (per curiam) (citation omitted); *Newsome v. E.E.O.C.*, 301 F.3d 227, 231–33 (5th Cir. 2002). A *pro se* plaintiff's complaint must, of course, be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, the Court "need not act as a clairvoyant, trying to read the tea leaves of a *pro se* [filing] to determine what the movant actually seeks." *Weeks v. City of Lake Norden*, 1:20-CV-01029, 2021 WL 4523682, at *2 (D.S.D Oct. 1, 2021) (quoting *In re Heyl*, 609 B.R. 194, 202 (B.A.P. 8th Cir. 2019)). A *pro se* litigant must still present a legally cognizable claim and "[comply] with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.3d 592, 593 (5th Cir. 1981).

The Court must dismiss an IFP plaintiff's complaint *sua sponte* if it is "frivolous." *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Nietzke v. Williams*, 490 U.S. 319, 324 (1989) (noting that predecessor to Section 1915(e) "is designed to discourage the filing of, and waste of

judicial and private resources upon, baseless lawsuits[.]"). An IFP complaint is frivolous if it "lacks an arguable basis in law or fact." *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001) (citation omitted). A complaint "based on an indisputably meritless legal theory" lacks an arguable basis in the law. *Bell v. Children's Protection Srvs.*, 547 F. App'x 453, 455 (5th Cir. 2013) (citing *Newsome*, 301 F.3d at 231). Regarding factual frivolousness, this standard is less-clearly defined since district courts are "all too familiar" with frivolous lawsuits. *See Neitzke*, 490 U.S. at 328–29. However, a complaint is factually frivolous if it is based on allegations that are "clearly baseless, a category encompassing fanciful, fantastic, and delusional allegations." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

### III. DISCUSSION

Plaintiff's complaint is factually frivolous. Plaintiff's allegations are, to put it kindly, "bizarre and not tethered to reality." *Wilson*, 5:14-CV-194, at 2. Plaintiff alleges that unknown individuals working for NASA and "the police" are, among other things, following him and causing him to hear spirits and voices in his head. (Dkt. No. 1 at 4–6, 10–13). To entertain his claims any further would lend them an unwarranted sense of plausibility. Under any standard, Plaintiff's allegations are "delusional" and "clearly baseless." *Denton*, 504 U.S. at 32–33.

Even if Plaintiff's complaint were not factually frivolous, his suit lacks an arguable basis in the law. It is well established that "fictitious party practice is not permitted in federal court." *See, e.g.*, *Alexander v. City Police of Lafayette*, No. 6:11-CV-01749 SEC P, 2019 WL 2345083, at *6 (W.D. La. Feb. 27, 2019) (collecting cases). District court lack personal jurisdiction over fictious defendants and claims against them can be dismissed *sua sponte*. *King v. Forest*, No. CIV.A. 3:08-CV-1405-L, 2008 WL 4951049, at *4 (N.D. Tex. Nov. 14, 2008). Even IFP plaintiffs have an obligation to "provide information sufficient to identify the defendants." *Id.* Plaintiff has named only unknown individuals, with unknown addresses, as Defendants. (Dkt. No. 2 at 1–2). The substance of his complaint provides no information that would allow the Court to determine who these individuals are. (*See id.* at 2–15). And, given the irrational nature of his allegations, there is no information to suggest that the identities of these Defendants "may be learned." *See Peace v. Norwood*, No. 7:19-CV-00116-M-BP, 2021 WL 1379555, at *7 (N.D. Tex. Mar. 18,

2021) (citation omitted).

The District Court has dismissed Plaintiff's complaint as frivolous once before. *Wilson*, 5:14-CV-194, at 3. This Court will recommend that the District Court do so once again.

## IV. RECOMMENDATION

For the reasons stated above, this Court **RECOMMENDS** that the District Court **DISMISS** Plaintiff's complaint, (Dkt. No. 1), as frivolous. This Court further **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed *in forma pauperis*, (Dkt. No. 2), as **MOOT**.

## V. NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, the parties may file written objections to the findings and recommendations proposed above. 28 U.S.C. § 636(b)(1). The District Judge will review de novo those portions of the report or specified proposed findings or recommendations to which the party objects. The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by this Court, and may also receive further evidence or recommit the matter to this Court with instructions. *Id.* The District Court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If a party does not object within fourteen days, the party forfeits its right to District Court review. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk is hereby **DIRECTED** to send this Report and Recommendation via Federal Express return receipt requested to Plaintiff's last address on file.

**SIGNED** on December 6, 2021.

                                            _____
                                            John A. Kazen
                                            United States Magistrate Judge